TERESA BREEDEN                                                              PLAINTIFF

v.

HCA PHYSICIAN SERVICES, INC.
d/b/a SOUTHERN KENTUCKY
NEUROSURGICAL ASSOCIATES; and

SHERRI TAYLOR                                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Defendant Sherri Taylor has filed a motion for judgment on the pleadings (DN 14).

Plaintiff Teresa Breeden has filed a response (DN 15).  Defendant Taylor has filed a reply (DN

16).  For the reasons that follow, the motion for judgment on the pleadings is GRANTED IN

PART and DENIED IN PART.

## BACKGROUND

Plaintiff worked for Defendant HCA Physician Services.[1]  Defendant Sherri Taylor was

Plaintiff's supervisor from March 2008 until August 14, 2009.  Defendant Taylor allegedly

sexually harassed Plaintiff by "mak[ing] comments about the male genitalia, continuously

speak[ing] about her own sex life, repeatedly inquir[ing] into Breeden's sex life, discuss[ing] her

own sexual preferences with detail, and mak[ing] implicit sexual advances toward Breeden, all in

the presence of and directed to the attention of Breeden, and without invitation."  Complaint, DN

1, attachment 1, pg 4. Taylor reported the activity to a supervisor, Susan Colter in April of 2009,

and allegedly no action was taken.  In response, in August of 2009, Plaintiff reported Defendant

_____

[1]Not a party to the instant motion.

Taylor to Frank Walton, Colter's boss. Defendant Taylor resigned her position on August 14, 2009.

Following Defendant Taylor's resignation, Plaintiff was allegedly harassed and retaliated against by her co-workers. When Plaintiff approached Colter to discussed her concerns, Colter allegedly told Plaintiff that Plaintiff would never be accepted in the office and should look for new work to avoid retaliatory treatment. In an affidavit, Plaintiff asserts in a conclusory fashion that Defendant Taylor was rehired in some capacity by HCA Physician Services or a doctor associated with HCA Physician services and somehow fueled the retaliation. At some point, Plaintiff left her job.

### STANDARD

After the pleadings are closed, a party may move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir.1973)). While the allegations of the complaint are the primary focus in assessing a Rule 12(c) motion, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). Legal conclusion and unwarranted factual inferences need not be accepted as true. *JPMorgan*, 510 F.3d at 582 (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)). "A Rule

12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Id.* (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991)).

## DISCUSSION

### A. Count I - Sexual Harassment

Defendant alleges that this claim must fail because no such claim exists under Kentucky law.  Plaintiff has failed to respond to this claim.

Plaintiff has failed to allege the elements of negligence or any intentional tort.  In addition, Defendant states that any claim based on an intentional tort or negligence would be barred by the statute of limitations.  Plaintiff has failed to refute this claim, and a cursory review of the complaint seems to verify Defendant's argument.  Finally, Plaintiff has cited to no statutory authorization for a sexual harassment cause of action as alleged in Count I.  Accordingly, judgment is granted for Defendant Taylor as to Count I.  Because Count I fails as a matter of law regardless of the defendant, judgment is also granted, *sua sponte*, for Defendant HCA Physician Services, Inc. as to Count I.

### B. Count II - Retaliation/Constructive Discharge

Defendant alleges that the Retaliation/Constructive Discharge claim must be dismissed on the pleadings because Defendant Taylor left her position and therefore as a matter of law could not be involved in any retaliation or constructive discharge.

Defendant Taylor resigned from her position on August 14, 2009.  The alleged retaliation occurred from August 14, 2009 until September 14, 2009.  Plaintiff states that the resignation was irrelevant because Defendant Taylor was rehired in some capacity, either by HCA or

directly by one of HCA's physicians, and therefore participated in the retaliation.

In contrast to discrimination under the Kentucky Civil Rights Act, discussed below, an individual can be held liable for retaliation. KRS § 344.280 states that "It shall be an unlawful practice for a person, or for two (2) or more persons to conspire: to retaliate . . ." Defendant Taylor concedes that individual liability is appropriate under § 344.280, but states that nothing in the pleadings could give rise to her liability.

At this point, judgment on the pleadings is not appropriate. Defendant Taylor is on notice of the claims against her - namely, that she engaged in retaliation against Plaintiff for alleged protected activity. Plaintiff is entitled to discovery so that she can attempt to gather the evidence needed to show that Defendant Taylor in fact engaged in retaliatory activity. The Court cannot say that, based on the pleadings, no set of facts could result in liability for Defendant Taylor.

### C. Count III - Violation of the Kentucky Civil Rights Act

Defendant alleges that Count III must fail as a matter of law because there is no individual liability under the Kentucky Civil Rights Act for sexual discrimination. Plaintiff has failed to respond to this argument.

It seems well established under Kentucky law that there is no individual liability for sexual harassment claims. KRS § 344.040 ("It is an unlawful practice for an *employer*: (a) to . . . discriminate against an individual . . . because of the individual's . . . sex . . . ."); KRS § 344.030(2) ("'Employer' means a person who has eight (8) or more employees within the state . . ."); *Wathen v. General Elec. Co.*, 115 F.3d 400 (6th Cir. 1997). Defendant Taylor does not meet the definition for an employer. Accordingly, judgment must be granted as to Count III for

4

Defendant Taylor.

### D. Count IV - Deprivation of Property Interest

Finally, Defendant Taylor argues that Count IV is inapplicable to her. Plaintiff has failed to contest these claims.

To establish a procedural due process claim, a plaintiff must show he had a property interest of which he was deprived without due process of law. *Hudson v. Hudson*, 475 F.3d 741, 745 (6th Cir.2007). Protected property interests do not emanate from the Constitution, but rather are "created and defined by existing rules or understandings that stem from an independent source such as state law." *Bd. of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

Kentucky law controls the nature of the employment relationship between Plaintiff and Defendant HCA. *See Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). In Kentucky, in the absence of a clear and specific agreement to the contrary, employment for an indefinite period of time is terminable at will by either party. *Shah v. Am. Synthetic Rubber Corp.*, 655 S.W.2d 489, 491 (Ky.1983); *Prod. Oil Co. v. Johnson*, 313 S.W.2d 411, 413 (Ky.1958). "An at-will employee is subject to dismissal at any time and without cause; consequently, an at-will employee cannot effectively claim a protectable property interest in his or her job." *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 141 (6th Cir.1997).

Plaintiff has failed to plead any sort of employment contract or otherwise show that she is something other than an at-will employee. In addition, it makes little sense that Defendant Taylor could have deprived Plaintiff of a property interest in continued employment, given that Defendant Taylor had no power over Plaintiff at the time of the alleged deprivation.

5

Accordingly, judgment must be granted for Defendant Taylor as to Count IV.

## CONCLUSION

For the foregoing reasons, the motion for judgment on the pleadings is GRANTED IN PART and DENIED IN PART.